**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JESUS TERRERO-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1372-D |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jesus Terrero-Perez, a noncitizen and Cuban national detainee in the custody of the U.S. Immigration & Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus. Doc. 1. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). This Report and Recommendation addresses Petitioner's Emergency Motion to Stay Removal ("Motion"). Doc. 12. For the reasons stated below, the undersigned recommends the Court **DENY** Petitioner's Motion.

**I.    Background**

In his Petition filed on June 11, 2026, Petitioner alleges violations of his rights to due process when ICE officials arrested him on May 4, 2026, and revoked his prior order of supervision. Pet. at 5-9, 11-13. Petitioner was previously ordered removed from the United States on December 9, 1998, and he was released on an order of supervision on August 6, 2010. *Id*. at 5. Petitioner claims he has complied with all conditions of his order of release from 2010 until his arrest in 2026. *Id*. He requests that the Court immediately release him and enjoin his removal or any transfer out of this District. *Id*. at 19.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. *Id*. at 3. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 6, 2026).

On June 16, 2026, the undersigned ordered Respondents to respond to the Petition not later than June 30, 2026. Doc. 7. In the Order for Response, the undersigned directed Respondents to "file written notice at least forty-eight hours before removing, transferring, relocating, or otherwise moving Petitioner," *id.* at 2, to keep track of Petitioner's location during these proceedings. Respondents responded timely. Doc. 10. They alleged there is a significant likelihood of Petitioner's removal to Mexico in the reasonably foreseeable future based on "Mexico's willingness to accept Cuban citizens and the increasing number of successful removals to Mexico of Cuban citizens in the last two fiscal years." *Id*. at 3, 6; *see also* Doc. 10-1 at ¶ 16 (Affidavit of ICE Deportation Officer Alan Steele).

On the afternoon of July 2, 2026, Respondents filed a Notice of Petitioner's Movement, advising Petitioner is "scheduled to be moved from Diamondback Correctional Facility in Watonga, Oklahoma, in order to execute his removal from the United States after the expiration of 48 hours from this filing," and he "is set to be removed on July 7, 2026." Doc. 11 at 1. Late in the afternoon on July 2, 2026, Petitioner filed his Motion requesting "an emergency stay of removal pending this Court's ruling on his petition for writ of habeas corpus, or until further order of the Court." Doc. 12 at 1. Petitioner claims he (1) is not Mexican, (2) has no family, work, or "protection network on Mexico," (3) is a "Jewish convert from Catholicism," and (4) is concerned "his Jewish identity and

religious conversion make him additional vulnerable." *Id*. at 1-2. Petitioner attaches to his Motion a Human Rights Watch report to support his claim of serious abuses suffered by Cuban deportees and other migrants in Mexico. *Id*. at 2; Doc. 12-1.

Given the time-sensitive nature of Petitioner's Motion and its filing on the eve of a holiday weekend, the undersigned has promptly prepared a Report and Recommendation before any response from Respondents. As set out below, though, all parties will have an opportunity to object to the Report and Recommendation and to respond to any objections.

## II.    The Court does not have jurisdiction to grant the Motion.

Federal law strips federal district courts of jurisdiction to consider "any cause or claim by or on behalf of any alien arising from the decision or action by [the Department of Homeland Security ("DHS")] to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). In the Tenth Circuit, a court must review whether a habeas petitioner's claims are "connected directly and immediately with a decision or action" by DHS to "commence proceedings, adjudicate cases, or execute removal orders." *Tsering v. U.S. Immigr. & Customs Enf't*, 403 F. App'x 339, 343 (10th Cir. 2010).

Petitioner asks this Court to "stay his removal to Mexico or any third country pending resolution" of the Petition "or until further order of the Court." Motion at 3. Petitioner does not provide authority, though, to establish this Court's jurisdiction to address his claims. Granting Petitioner's Motion would enjoin Petitioner's upcoming removal to Mexico or another third country, which directly relates to decisions to execute removal orders. *See, e.g.*, *Valdovinos-Blanco v. Holder*, 557 F. App'x 793, 794 (10th Cir.

3

2014) (unpublished) (noting the court is "unaware of any statutory or common-law authority permitting a federal court to intervene in an alien's ongoing deportation proceedings to order withholding of removal" (citation modified)); *Olola v. U.S. Att'y Gen.*, No. 18-CV-00058, 2018 WL 11446892, at *3 (D. Colo. Feb. 22, 2018) ("Federal law unambiguously strips federal district courts of jurisdiction to stay or enjoin an alien's removal." (citation modified)); *see also, e.g., Makuey v. Scott*, No. 2:26-CV-00632, 2026 WL 925647, at *4 (W.D. Wash. Apr. 6, 2026) (holding the court lacks jurisdiction to stay petitioner's removal under § 1252(g)); *Hernandez Llanes v. Warden, Fla. Soft Side Det. Ctr.*, No. 2:26-CV-1030, 2026 WL 925615, at *2 (M.D. Fla. Apr. 6, 2026) (same). Accordingly, § 1252(g) strips the Court of jurisdiction to consider Petitioner's Motion.

In addition, under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." *Id.* (citation modified). Petitioner requests a stay of any transfer from this District related to his removal. Under 8 U.S.C. § 1231(g)(1), which governs noncitizens like Petitioner who have a final order of removal, ICE "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." The Tenth Circuit has confirmed "the Attorney General is mandated to arrange for appropriate places of detention for aliens detained pending removal." *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (holding in a civil rights lawsuit "a district court has no jurisdiction to restrain the Attorney General's power to transfer [ICE detainees] to appropriate facilities by granting injunctive relief").

4

Accordingly, § 1252(a)(2)(B)(ii) bars judicial review of Respondents' decision to remove Petitioner or transfer him to another ICE facility pending removal. *See, e.g., Lway Mu v. Whitaker*, 18-cv-06924, 2019 WL 2373883, at *5 (W.D.N.Y. June 4, 2019) (citing § 1231(g)(1) and concluding "it does not have the authority to dictate to DHS where Petitioner should be housed"); *Olola*, 2018 WL 11446892, at *4 (finding § 1252(a)(2)(B)(ii) and § 1231(g) preclude judicial review of respondents' decision to transfer a noncitizen and "decisions to transfer an alien from one location to another are within the discretion of the Attorney General and therefore may not be reviewed or enjoined by the federal district courts").

Therefore, the undersigned concludes the Court does not have jurisdiction to enjoin (1) Petitioner's removal to Mexico or another third country or (2) his transfer to another ICE facility to effect his removal. *See, e.g.*, *Sanchez v. Mullin*, No. CIV-26-547-R, 2026 WL 972899, at *2 (W.D. Okla. Apr. 10, 2026) (R&R) (recommending denial of petitioner's motion to enjoin transfer and temporary restraining order based on absence of jurisdiction), *adopted*, 2026 WL 1082495 (W.D. Okla. Apr. 20, 2026). Because the Court does not have jurisdiction to grant Petitioner's Motion, the Court need not address Petitioner's claimed entitlement to a stay under the factors of *Nken v. Holder*, 556 U.S. 418, 434 (2009).

## III.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DENY** Petitioner's Emergency Motion to Stay Removal, Doc. 12. The parties are advised of their rights to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **July 6, 2026**. *See id.* § 636(b)(1); Fed.

5

R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **noon on July 7, 2026**.  *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 6th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE