**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JESUS TERRERO-PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1372-D |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Jesus Terrero-Perez filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3].

Petitioner is a Cuban national who was ordered removed from the United States on December 9, 1998. Petitioner was released on an Order of Supervision (OOS) on August 6, 2010. Petitioner asserts that he has complied with all conditions of his OOS leading up to his arrest in May 2026.

On July 2, 2026, Respondents filed a Notice of Petitioner's Movement, advising Petitioner is "scheduled to be moved from Diamondback Correctional Facility in Watonga, Oklahoma, in order to execute his removal from the United States after the expiration of 48 hours from this filing," and that Petitioner is "set to be removed on July 7, 2026." [Doc. No. 11, at 1].

Thereafter, Petitioner filed the present Emergency Motion to Stay Removal [Doc. No. 12]. Petitioner requests a stay of his removal to Mexico, pending the Court's ruling on his habeas petition, asserting that the Court should preserve the status quo until Petitioner "receives meaningful notice and a meaningful opportunity to present his fear of persecution and torture in Mexico." *Id.* at 1. As a Jewish convert from Catholicism, Petitioner alleges that he "fears harm because he would be an isolated Cuban deportee in Mexico without lawful status or support, and because his Jewish identity and religious conversion make him additionally vulnerable." *Id.*

Before the Court is Judge Stephens' Report and Recommendation [Doc. No. 13], in which he recommends that the Court deny Petitioner's motion to stay removal. Specifically, Judge Stephens concludes that this Court lacks jurisdiction to enjoin Respondents from executing Petitioner's removal order. Pursuant to 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). Judge Stephens adds that "[g]ranting Petitioner's Motion would enjoin Petitioner's upcoming removal to Mexico or another third country, which directly relates to decisions to execute removal orders," over which this Court does not have jurisdiction. [Doc. No. 13, at 3]; *see Valdovinos-Blanco v. Holder*, 557 F. App'x 793, 794 (10th Cir. 2014) (unpublished). Judge Stephens further concludes

that § 1252(a)(2)(B)(ii)[1] bars judicial review of Respondents' decision to remove Petitioner or transfer him to another ICE facility pending removal. *Id.* at 4-5.

In Petitioner's Objection [Doc. No. 14], he asserts that his challenge is to the revocation of his OOS, and not an attempt to challenge his removal order. However, the Court agrees with Judge Stephens that the present motion to stay removal is clearly requesting an order staying the execution of Petitioner's removal order. The Court also agrees with Judge Stephens that, under 8 U.S.C. § 1252(g) and § 1252(a)(2)(B)(ii), this Court does not have jurisdiction to stay Petitioner's removal to Mexico or to enjoin Respondents from transferring him to another ICE facility pending removal.

For these reasons, the Court **ADOPTS** the Report and Recommendation [Doc. No. 13] in full, and Petitioner's Emergency Motion to Stay Removal [Doc. No. 12] is **DENIED**.

**IT IS SO ORDERED** this 7th day of July, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review … any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security."