**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JESUS TERRERO-PEREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1372-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus ("Petition") challenging his detention by Immigration and Customs Enforcement ("ICE"), Doc. 1, Respondents' Response, Doc. 10, and Petitioner's Reply, Doc. 15. On November 20, 2026, the Court held a telephonic status conference with counsel for Petitioner and Respondents. Doc. 21; Doc. 22. At the status conference, the undersigned discussed with counsel the following topics: (1) Petitioner's current custody status; (2) Respondents' attempts at third country removal; (3) the impact on Petitioner's claims of the recent Tenth Circuit decision in *Abedi v. Carter*, No. 25-3179, --- F.4th ----, 2026 WL 3149141, at *14-25; and (4) the application of 8 U.S.C. § 1231(a)(1)(C) if Petitioner continues to refuse removal to Mexico.

Certain disputes about these topics remain, and additional briefing with supporting documentation is necessary for the Court to resolve the Petition. Accordingly, the Court orders the parties to submit additional briefing on the issues listed below. As necessary, counsel shall attach to the briefs any relevant documents or affidavits to guide the Court's review.

**1. Respondents' intended third country removal.**

At the status conference, counsel for Respondents told the Court that ICE Enforcement and Removal Operations ("ERO") is no longer trying to remove Petitioner to Mexico based on his continued refusal to be removed there. Counsel for Respondents also stated ERO is attempting to find a third country for removal. *See* Doc. 20 at 1-2 (noting ERO "submitted Petitioner's information to Headquarters for an alternative removal because of Petitioner's failure to comply" with his removal to Mexico).

The Court **DIRECTS** as follows:

- Respondents shall provide an update as to Petitioner's third country removal.
- Petitioner shall confirm whether he intends to fight third country removal or whether he would be amenable to certain third country removal.

**2. The impact of *Abedi v. Carter* on Petitioner's claims and what provision governs the revocation of his release.**

In the Petition, Petitioner cites two regulations governing revocation of an Order of Supervision ("OOS"): 8 C.F.R. §§ 241.4(l) and 241.13(i). Doc. 1 at 8-9. Respondents asserted in response that the revocation of Petitioner's OOS was governed by § 241.4(l) and "Petitioner makes no showing that his [OOS] was issued pursuant to § 241.13 rather than § 241.4(l)(2)." Doc. 10 at 7. However, at the status conference, Petitioner alleges the revocation of his OOS is governed by 8 C.F.R. § 212.12 relating to Mariel Cubans.

The Court **DIRECTS** as follows:

- The parties shall address their current position on what provision governs Petitioner's OOS and the revocation of his OOS, including (1) any evidentiary support such as the Notice of Revocation of

Release; and (2) whether their position is supported by the Tenth Circuit's recent decision in *Abedi,* 2026 WL 3149141, at *14-25.

- The parties shall address whether Petitioner's failure to cite § 212.12 in the Petition should impact the Court's decision.

**3. The impact on Petitioner's claims of his refusal to be removed to Mexico.**

Under 8 U.S.C. § 1231(a)(1)(C), the removal period "shall be extended beyond a period of 90 days and the [noncitizen] may remain in detention during such extended period if the [noncitizen] . . . conspires or acts to prevent the [noncitizen's] removal subject to an order of removal." At the status conference, Respondents stated their belief that § 1231(a)(1)(C) applies because Petitioner's refusal to be removed to Mexico is an intervening change that allows the removal period to be extended. Petitioner argued § 1231(a)(1)(C) does not apply because going to Mexico requires a third country national to consent, which is different from being removed.

The Court **DIRECTS** as follows:

- The parties shall expand on their positions as to whether § 1231(a)(1)(C) applies to Petitioner. Specifically, the parties shall address the fact that Petitioner's removal period ended in 1998 when he was ordered removed to Cuba and whether § 1231(a)(1)(C) can be read to "re-trigger" or "re-start" Petitioner's removal period, which ended years earlier.

- The parties shall also address Petitioner's assertion that Mexico will not accept a third country national without the noncitizen's consent to be removed there, including supporting documentation.

**4. Whether Petitioner sufficiently raised a claim for relief based on his prolonged detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001).**

Considering Petitioner's citation to *Zadvydas* in his Petition, *see, e.g.,* Doc. 1 at 12, 17; Respondents' arguments related to the likelihood of Petitioner's removal in the

reasonably foreseeable future, *see* Doc. 10 at 6-7; and the length of Petitioner's detention at this time, the Court **DIRECTS** the parties to address whether Petitioner sufficiently raised in the Petition a claim challenging his prolonged detention under *Zadvydas*. The parties shall further address whether Petitioner's removal is significantly likely in the reasonably foreseeable future at the time supplemental briefs are filed.

Parties' supplemental briefs shall be filed not later than **December 8, 2026**. Parties shall submit any response briefs not later than **December 15, 2026**. After briefing, the undersigned will determine whether a hearing is necessary.

**IT IS SO ORDERED** this 24th day of November, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE